**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:15-CR-054** |
| | § | |
| **WADE CARSON** | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On July 29, 2016, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Wade Carson. The government was represented by Marisa Miller, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

In case number 4:11-CR-0100, Defendant originally pled guilty to the offense of Possession of Child Pornography, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 28 and a criminal history category of I, was 78 to 97 months. On November 1, 2011, District Judge Marcia Crone sentenced Defendant to 78 months imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, testing and treatment for drug abuse, mental health treatment, sex offender registration, no contact with minors, sex offender treatment to include physiological testing, restrictions from portable electronic devices capable of internet connection and photographic equipment, restrictions from pornography, search condition, and computer monitoring software.

On August 28, 2015, the indictment for case number 4:11-CR-0100 was dismissed, and Defendant was re-indicted under case number 4:15-CR-54. Jurisdiction was transferred to the

Eastern District of Virginia, and on August 27, 2015, District Judge Robert Payne sentenced Defendant to 63 months imprisonment, with credit for time served in case number 4:11-CR-0100 and 4:15-CR-54, followed by 5 years supervised release subject to the standard conditions of release, plus special conditions to include paying court-ordered financial obligations, financial disclosure, allowing the release of information, mental health treatment, sex offender treatment, sex offender registration, no computer or internet access, no pornographic material, no contact with minors, search condition, computer monitoring software installation, and restrictions from sex-related adult services. On December 15, 2015, Defendant completed the term of imprisonment and began his term of supervised release. On May 17, 2016, jurisdiction in this case was transferred back to the Eastern District of Texas, Tyler Division under case number 6:16-CR-27 and then transferred to the Eastern Division of Texas, Sherman Division under case number 4:15-CR-54 on June 15, 2016.

Under the terms of supervised release, Defendant was prohibited from possessing or using a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. In its petition, the government alleges that Defendant violated his condition of supervised release by accessing the internet on a device capable of communicating data via modem, wireless, or dedicated connection, and without computer monitoring software installed on the device since December 15, 2015.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by accessing the internet on a device capable of communicating data via modem, wireless, or dedicated connection, and without computer monitoring software installed on the device since December 15, 2015, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may

(A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend a sentence of 6 months with 5 years supervised release to follow. Within 72 hours of release from BOP custody, the Defendant shall report to the probation office in the district to which the Defendant is released. The parties also agreed on the following additional supervised release conditions: (1) sex offender treatment; (2) psychiatric, psychological, and/or mental health treatment; (3) testing and treatment for drug abuse; (4) financial disclosure; (5) sex offender registration; (6) prohibition from the use of alcohol and any other intoxicants; (7) alcohol use testing; (8) no contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; (9) prohibition from the purchase, possession, contact with, or use of devices to include cellular telephones with photographic capability, cellular telephones with internet capability, computers, computer peripherals, laptop computers, iPods, Personal Digital Assistants, portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device capable of communicating data via modem, wireless, or dedicated connection; (10) prohibition from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment; (11) prohibition from possessing or viewing any images in any form of media or in any live venue that depicts sexually explicit conduct as defined by 18 U.S.C. §

2256(2)(A) (not limited to the sexual exploitation of children); (12) if reasonable suspicion of unlawful conduct or a violation of supervised release exists, law enforcement or the probation officer may search Defendant's person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Wade Carson be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months with 5 years supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be Texarkana or Seagoville. Additionally, the Court **RECOMMENDS** the additional conditions listed above.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Marcia Crone for adoption immediately upon issuance**.**

**So ORDERED and SIGNED this 5th day of August, 2016.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE