## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § | |
| **v.** | § § | **CASE NUMBER 4:15-CR-54-MAC** |
| **WADE CARSON** | § § | |

## MEMORANDUM ADOPTING REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the above-referenced criminal action, this court having heretofore referred the request for revocation of Defendant's supervised release to the United States Magistrate Judge for proper consideration. The court has received the report of the United States Magistrate Judge pursuant to its order. Defendant having waived allocution before this court as well as his right to object to the report of the Magistrate Judge, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

It is, therefore, **ORDERED** that the Magistrate Judge's Report is **ADOPTED** as the opinion of the court. It is further **ORDERED** that Defendant's supervised release is hereby **REVOKED**. It is further **ORDERED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 6 months with 5 years supervised release to follow. Further, within 72 hours of release from BOP custody, Defendant shall report to the probation office in the district to which Defendant is released and the following additional supervised release conditions are imposed: (1) financial disclosure; (2) prohibition from possessing or using controlled substances; (3) testing and treatment for drug abuse; (4) prohibition from the use of alcohol and any other intoxicants and testing for alcohol use; (5) psychiatric, psychological, and/or mental health treatment; (6) sex offender registration; (7) sex offender treatment; (8)

prohibition from accessing a computer or any device which has the ability to access the Internet until a sex offender assessment has been completed, including, but not limited to, desktop computers, laptops, tablets, Personal Digital Assistants, electronic games, and cellular telephones. The assessment should consider whether Defendant's significant interest in being able to access the Internet outweighs the risk to the community such access may pose. If the assessment determines that a complete ban of all devices capable of accessing the internet is necessary, the Court finds that such access should occur. If such a ban is not deemed necessary, the following conditions apply: (a) prohibition from any attempt to remove, tamper with, or in any way circumvent the monitoring software in Defendant's household; (b) disclosure of all online account and Internet service provider account information that Defendant uses or has access to, including user names and passwords, to the U.S. Probation Office, and provide, if requested, a list of all software/hardware on any computer Defendant uses, as well as telephone, cable, or Internet service provider billing records; (c) prohibition from use or possession of any gaming consoles, including, but not limited to, Xbox, PlayStation, and Nintendo, or similar devices without prior permission from the probation office, and prohibition from the purchase, possession, or use of digital cameras, digital recorders, or any other type of recording and/or photographic equipment. In addition, (9) prohibition from contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; (10) prohibition from possessing or viewing any images in any form of media or in any live venue that depicts sexually explicit conduct as defined by 18 U.S.C. § 2256(2)(A) (not limited to the sexual exploitation of children); (11) if reasonable suspicion of unlawful conduct or a violation of supervised release exists, law enforcement or the probation officer may search Defendant's person, property, house, residence, vehicle, papers, computer, other electronic communication or

data storage devices or media, and effects at any time, with or without a warrant; and (12) prohibition from the purchase, possession, contact with, or use of devices to include cellular telephones with photographic capability, cellular telephones with internet capability, computers (other than a computer approved by the probation office which may be subject to monitoring), computer peripherals, laptop computers, iPods, Personal Digital Assistants, portable data storage devices such as thumb drives and Flash memory, or any other type of portable electronic device capable of communicating data via modem, wireless, or dedicated connection

The court further **RECOMMENDS** that the place of confinement be Texarkana.

**IT IS SO ORDERED.**

SIGNED at Beaumont, Texas, this 2nd day of April, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE